

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Texas State Board of Dental Examiners
520 Littlefield Building
Austin, Texas

Dear Sir:                    Attention:  Carl C. Hardin, Jr.

                             Opinion No. 0-4765
                             Re:  The authority of the State
                                  Board of Dental Examiners to
                                  accept advance annual regis-
                                  tration fees.

        Your request for opinion dated August 14, 1942,
has been received and considered by this department. We
quote from your letter of request as follows:

        "This department, the Texas State Board
    of Dental Examiners, has just received a
    Cashier's Check payable to the Texas State
    Board of Dental Examiners in the amount of
    $10.00 to be applied on and for annual regis-
    tration for the ensuing five years. Under
    Article 4550A, Revised Civil Statutes, 1925,
    as amended, it is provided that all practi-
    cioners must register each calender year with-
    in sixty days after the effective date of
    that particular article, which became effec-
    tive on January 1st of such year, necessarily
    making registration fall within the period
    between January 1st and March 1st of each
    year. The Texas State Board of Dental Examin-
    ers does not have prepared annual registration
    certificates in advance of one year and those
    for 1943 will not be prepared until the latter
    part of the present year.

        "Should this office accept such advance
    payment and credit the payor's account for
    the ensuing five years or return same asking
    that it be sent in each year?

        "In explanation of the above, I would like
    to state that the above referred to practicioner

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

is entering the army and wishes to maintain
his license in good standing and may not be
able to make such payments while in the ser-
vice of his country because of many factors
which are well known."

Article 4550a, Vernon's Civil Statutes of Texas,
provides:

"1.  It shall be the duty of all per-
sons now lawfully qualified and engaged in
the practice of dentistry in this State, or
who shall hereafter be licensed for such
practice by the State Board of Dental Examin-
ers to be registered as such practitioners
with the State Board of Dental Examiners with-
in sixty (60) days after the effective date
of this Chapter, and thereafter to register
in like manner annually on or before the first
day of January of each year beginning the
first day of January 1936.  Each person so
registering shall pay in connection with such
annual registration for the receipt herein-
after provided for a fee of Two ($2.00) Dol-
lars, such payment to be made to said State
Board of Dental Examiners.  Every person so
registering shall file with said Board a
written application setting forth his name,
his post office address, the county or coun-
ties in which his certificate to practice
dentistry has been registered, and the place
or places where he is engaged in practicing
dentistry, and the number and date of his
license certificate.  Upon the receipt of
such application, accompanied by such fee,
said Board, after ascertaining either from
its records or other sources deemed by it to
be reliable, that the applicant is a duly
licensed practitioner of dentistry in this
State, shall issue to the applicant an annual
registration receipt certifying that he has
filed such application and has paid the re-
quired fee; . . ."  (Emphasis ours)

It is our understanding that the practitioner men-
tioned in your letter intended that you receive the cashier's

check for $10.00 as compliance with the above quoted article for the next five years. The requirement that each practitioner "register in like manner annually" would seem to preclude registrations for more than one year. Moreover, in providing for the annual registration of dentists, it was the obvious intention of the Legislature annually to secure detailed information concerning the whereabouts of the practitioner, the scope of his practice and the location thereof, as well as to secure payment of the annual registration fee. To allow lump sum payments to be made in lieu of future registrations would be entirely to disregard the primary purposes behind this legislation.

Article 4550a, Vernon's Civil Statutes of Texas, further provides:

"3. All annual registration fees collected by the State Board of Dental Examiners under this Act shall be placed in the State Treasury, every thirty days as collected, to the credit of a special fund to be known as the 'Dental Registration Fund,' and all expenditures from this fund shall be on order of the State Board of Dental Examiners on warrants issued by the State Comptroller for the purposes and in the amounts fixed by the Legislature in the general appropriations bills. On August 31 of each year all money in excess of Ten Thousand ($10,000.00) Dollars remaining in said 'Dental Registration Fund' shall revert to the General Revenue Fund in the State Treasury."

To accept this check and deposit it in the Dental Registration Fund for the current year would be unduly to inflate the fund for the current year with a resulting deflation for the next four years and to occasion reverse disproportions in the annual amounts reverting to the General Revenue Fund.

The alternative mode of handling this matter - to deposit $2.00 in the Dental Registration Fund for the current year and to hold the remainder for future years - is complicated by the fact that nowhere in the statutes creating the Board of Dental Examiners and defining its duties is the Board empowered to assume the duties of a quasi-trustee which such treatment would entail. Until the unexpended

portion of the check was credited to the Dental Registration Fund, the practitioner would remain the beneficial owner of such portion. Since the State Treasurer is forbidden to "keep or receive into the building, safes or vaults of the Treasury any money . . . belonging to any individual except in cases expressly provided for by law" (Article 4374, Vernon's Civil Statutes of Texas, and Article 93, Vernon's Penal Code of Texas), the Board could not follow its usual practice of depositing all funds received by it with the State Treasurer, and the Board is nowhere authorized to maintain deposits apart from those in the State Treasury.

Consequently, it is the opinion of this department that the Board of Dental Examiners cannot accept advance payments of dental registration fees in lieu of future annual registrations under Article 4550a, Vernon's Civil Statutes of Texas.

Trusting that this answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

R. Dean Moorhead
Assistant

RDM:GO

APPROVED AUG 29, 1942

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN